IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JADE SANDERS<br>By and through her Next Friend,<br>SANDY SANDERS,<br><br>    Plaintiff,<br><br>  v.<br><br>CALLISTA R. COTTON, and<br>AMCO INSURANCE COMPANY<br>d/b/a NATIONWIDE MUTUAL<br>INSURANCE COMPANY,<br><br>    Defendants. | Case No. 21-cv-00083-SRB |

### ORDER

Before the Court is Plaintiff Jade Sanders' ("Plaintiff") Motion to Remand (Doc. #6) and Defendant AMCO Insurance Company's ("AMCO") Motion to Dismiss or Drop Defendant AMCO, or in the Alternative, to Sever the Claims Against Defendant AMCO from Those Against Defendant Cotton. (Doc. #4.) For the reasons stated below, Plaintiff's Motion to Remand is DENIED and Defendant's Motion to Dismiss is GRANTED.

### I. BACKGROUND

This lawsuit arises out of a vehicle accident that occurred in Missouri on June 24, 2019, between Plaintiff and Defendant Callista Cotton ("Cotton"). On October 12, 2020, Plaintiff, by and through her Next Friend Sandy Sanders, filed a petition in the Circuit Court of Cass County, Missouri ("Cass County Tort Action"), asserting a negligence claim against Cotton. Plaintiff alleges Cotton's vehicle struck Plaintiff's vehicle from behind at a fast rate of speed, resulting in bodily injury to Plaintiff. Both Plaintiff and Cotton are Missouri residents.

On October 26, 2020, Plaintiff notified AMCO, an Iowa corporation, of her intent to pursue a claim for underinsured motorist ("UIM") coverage under a personal auto policy issued to Plaintiff by AMCO. That same day, Plaintiff advised AMCO of the Cass County Tort Action and an agreed settlement with Cotton. (Doc. #5, p. 2.) Upon Plaintiff's presentation of a claim for UIM benefits under the policy, AMCO identified coverage issues relating to her claim and notified Plaintiff of the same. On December 21, 2020, Plaintiff filed an amended petition[1] in the Cass County Tort Action adding AMCO as a party and asserting claims for UIM coverage and vexatious refusal to pay coverage against AMCO, while maintaining her claims against Cotton.

On February 10, 2021, AMCO timely removed this action to federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. In its Notice of Removal, AMCO asserted that Cotton was fraudulently joined to prevent diversity jurisdiction. On February 17, 2021, AMCO filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), stating Plaintiff's claims against AMCO were premature under Missouri law. In the alternative, AMCO asked the Court to sever Plaintiff's claims against AMCO from her claims against Cotton. Plaintiff later filed a motion to remand, contending the Court lacked jurisdiction in light of her stipulation "that she is not seeking damages against Defendant AMCO in excess of $75,000." (Doc. #6, p. 1.)

## II. LEGAL STANDARD

### A. Motion to Remand

Federal courts are courts of limited jurisdiction. *Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 715 F.3d 712 (8th Cir. 2013). A defendant may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). "The sum demanded in good faith in the initial pleading shall be

---

[1] The Court hereinafter refers to this operative filing as the "amended complaint" to conform with the terminology used in the Federal Rules of Civil Procedure.

deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves 'by the preponderance of the evidence, that the amount-in-controversy exceeds [$75,000].'" *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. Oct. 10, 2014) (quoting § 1446(c)(2)). "[J]urisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." *Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) (citation omitted).

When determining the amount in controversy "the question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount." *Walz v. FedEx Office & Print Servs., Inc.*, No. 2:12–CV–04188–NKL, 2012 WL 5386058, at *1 (W.D. Mo. Nov. 2, 2012) (citing *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)). "While this is a relatively permissive standard, the removing party must still provide 'some specific facts or evidence demonstrating that the jurisdictional amount has been met.'" *Walz*, 2012 WL 5386058, at *1 (quoting *Hill v. Ford Motor Co.,* 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004)). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand*." Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

### B. Failure to State a Claim

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotation marks omitted).

### III. DISCUSSION

"[F]ederal courts are under an independent obligation to examine their own jurisdiction," particularly when issues arise that call the court's jurisdiction into question. *Int'l Ass'n of Fire Fighters v. City of Clayton,* 320 F.3d 849, 850 (8th Cir. 2003). Because Plaintiff, in her motion seeking remand, challenges this Court's jurisdiction to preside over this case, the Court addresses that issue first. *See Warner v. Chase Home Fin. LLC*, 530 F. App'x 614, 615 (8th Cir. 2013) (regarding its discussion of plaintiff-appellant's motion to remand and defendant-appellee's motion to dismiss, the court noted, "[b]ecause the motion to remand challenges the court's jurisdiction, however, we must address this issue first.").

#### A. Motion to Remand

In seeking remand, Plaintiff solely argues that the amount in controversy does not exceed $75,000. She makes no reference to the citizenship of the parties, even though Cotton is a non-diverse defendant. AMCO, in opposing remand, contends the amount in controversy is satisfied and further argues that Cotton's citizenship should be disregarded because Plaintiff has settled all her claims against Cotton, leaving no reasonable basis in law or fact to support a claim against her. In her reply brief, Plaintiff concedes that she settled her claims against Cotton. In turn, the

4

Court finds Cotton's citizenship may be disregarded and the remaining parties are citizens of different states.[2] Consequently, the sole issue is whether the amount in controversy is satisfied.

In seeking remand, Plaintiff filed a stipulation (Doc. #6-1) that the amount in controversy is less than $75,000. Plaintiff argues that because of her stipulation, the Court lacks subject-matter jurisdiction and must dismiss the action. AMCO contends Plaintiff's stipulation is merely an improper post-removal attempt to amend her claimed damages and should be disregarded. In addition, AMCO argues it has readily shown that more than $75,000 is at issue in this case.

As an initial matter, the Court finds that AMCO "has established by a preponderance of the evidence that the jurisdictional minimum is satisfied." *Hargis*, 674 F.3d at 790. Under this standard, the inquiry "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Bell*, 557 F.3d at 959 (citation and quotation marks omitted). Here, the Court finds AMCO has met its burden with respect to Count II alone of Plaintiff's amended complaint, where Plaintiff alleges AMCO breached its contract of insurance with Plaintiff by refusing to pay UIM benefits under their policy. As noted by AMCO, the "policy at issue provides UIM coverage with limits of liability of $100,000.00 each person and $300,000.00 each accident." (Doc. #9, p. 10; Doc. #9-1, p. 2.) When evaluating the amount in controversy in this type of scenario, "the policy limits represent both the amount or value the [plaintiffs] seek to recover and the sum or value that the insurance companies will lose if the [plaintiffs] succeed in their suit." *Lowe v. First Fin. Ins. Co.*, No. 14-00801-CV-W-JTM, 2015 WL 753139, at *3 (W.D. Mo. Feb. 23, 2015); *accord Huffman v. AMCO Ins. Co.*, No. 17-CV-

---

[2] The Court additionally notes that Plaintiff voluntarily dismissed her claims against Cotton in state court on March 15, 2021, after the case had been removed to federal court.

00485-BCW, 2017 WL 9804980, at *3 (W.D. Mo. Aug. 31, 2017). In turn, a fact finder might legally conclude that the damages in this case exceed $75,000.[3]

Since AMCO satisfies its burden to show the jurisdictional minimum is met, remand is only appropriate if Plaintiff "establish[es] that it is legally impossible to recover in excess of [$75,000]." *Bell*, 557 F.3d at 959. Plaintiff claims the "amount in controversy cannot exceed $75,000 because Plaintiff has stipulated her claims do not exceed $75,000." (Doc. #12, p. 2.) However, Plaintiff filed her stipulation after removal in response to AMCO's motion to dismiss. Under Eighth Circuit law, "[a] subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (citations omitted). The Court thus finds Plaintiff's subsequent stipulation is simply a post-removal voluntary reduction of her claim to less than the jurisdictional amount and does not automatically deprive this Court of jurisdiction. *See id.*; *see also Slavin v. State Farm Mut. Auto. Ins. Co.*, No. 05-CV-1968-MLM, 2005 WL 3274337, at *2 (E.D. Mo. Dec. 2, 2005) (citations omitted) (noting a "plaintiff cannot, after removal, deprive the district court of jurisdiction by stipulation, affidavit or by amendment of his pleadings").

Furthermore, not only was Plaintiff's stipulation filed post-removal, but the Court finds the stipulation's language is insufficient to establish that it is legally impossible to recover more than $75,000. "Courts have held that an irrevocable stipulation as to the amount in controversy is sufficient to establish the jurisdictional amount." *Allied Prop. & Cas., Ins. Co. v. Stevens*, No.

---

[3] Given this finding, the Court need not address the potential damages related to bodily injury or vexatious refusal penalties. *See Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 559 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court . . . has original jurisdiction over that claim."). However, the Court notes that AMCO argues—and Plaintiff does not dispute—that given the claims asserted and serious physical injuries alleged, a fact finder might legally conclude the potential damages arising from Plaintiff's claims would exceed the jurisdictional minimum.

15-CV-00426-SRB, 2015 WL 12791430, at *3 (W.D. Mo. Sept. 18, 2015).  However, "[a] stipulation sufficient to settle the dispute over the jurisdiction amount must irrevocably state that the amount of damages claimed by him in this action is and will forever be less than [$75,000] exclusive of interest and costs."  *Id.* (citations and quotation marks omitted); *see also Slavin*, 2005 WL 3274337, at *3 (noting that a binding stipulation filed both in state and federal court stating that the plaintiff "does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs" protects both parties and allows the court to find legal certainty with respect to the amount in controversy).  Here, Plaintiff merely "stipulates that the amount in controversy is less than $75,000."  (Doc. #6-2, p. 1.)  Such a stipulation does show it is legally certain that less than $75,000 is at issue.  Plaintiff's motion is thus denied.

### B. Motion to Dismiss for Failure to State a Claim

AMCO contends that Plaintiff's claim for UIM benefits is premature under Missouri law and must be dismissed.  In response to AMCO's motion, Plaintiff filed a motion to remand and did not address or refute any points raised by AMCO in its motion.  While Plaintiff's filing fails to conform with Local Rule 7.0, and thus permits the Court to deem any objection to AMCO's arguments waived,[4] the Court nevertheless considers AMCO's motion in light of the relevant standard that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ash*, 799 F.3d at 960.

"In order to assert a claim for underinsured motorist coverage, a plaintiff must first plead and establish recovery of the limits of the tortfeasor's liability policy."  *C.J. ex rel. Joerding v. AMCO Ins. Co.*, No. 05-CV-1258-SNL, 2005 WL 2045917, at *1 (E.D. Mo. Aug. 25, 2005)

---

[4] Local Rule 7.0(c) requires that "[w]ithin 14 days after a motion is filed, each party opposing the motion must file suggestions opposing the motion."

7

(citing *State ex. rel. Shelton v. Mummert*, 879 S.W.2d 525, 527–28 (Mo. banc 1994); *State ex. rel. Sago v. O'Brien*, 827 S.W.2d 754, 755 (Mo. App. E.D. 1992); and *State ex. rel. Ehrlich v. Hamilton*, 879 S.W.2d 491, 492-93 (Mo. banc 1994)).[5] In *Mummert*, concerning a similar UIM claim, the Missouri Supreme Court required "that an insured exhaust all applicable policy limits by settlement or obtain a judgment in excess of all applicable liability coverage before [the insurance company] is liable under their underinsured motorist provision." 879 S.W.2d at 527.

Upon review of the amended complaint, the Court finds Plaintiff's claims against AMCO are premature and should be dismissed without prejudice. Plaintiff's amended complaint fails to allege facts showing the tortfeasor's liability limits (Cotton) have been exhausted by payment of settlement or judgment, nor does she plausibly allege facts which show her right to recover under an applicable UIM policy. Given her amended complaint's deficiency, and in light of the fact that the complaint currently lists Cotton as a co-defendant and does not allege a settlement agreement establishing excess liability, the Court finds this lawsuit to be premature. This case is accordingly dismissed without prejudice.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Remand (Doc. #6) is DENIED and Defendant AMCO's Motion to Dismiss (Doc. #4) is GRANTED. For the foregoing reasons, this case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: March 26, 2021  UNITED STATES DISTRICT JUDGE

---

[5] Similar to the *Joerding* Court (which noted that the cited opinions were predicated upon the cited courts' reading of certain clauses in the insurance policies regarding underinsured motorist coverage), this Court did not have the benefit of reviewing AMCO's insurance policy as it was not submitted to the Court either in support of, or opposition to, Defendant's Motion to Dismiss. Instead, the Court presumes, as the *Joerding* Court did, that the subject policy contains a provision similar to the ones noted in *Mummert*, *Erlich*, and *Sago*.